# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MAGNIFICAT HOUSE NATIVITY HOUSE TRUST**, a non-statutory trust, Paul John Hansen, as sole Trustee,<br><br>Plaintiff,<br><br>v.<br><br>**BANK OF AMERICA, N.A.**, **BRIAN MOYNIHAN,** and **JOHN THOMAS**,<br><br>Defendants. | Case No. 3:20-cv-1826-SI<br><br>**ORDER TO SHOW CAUSE** |

**Michael H. Simon, District Judge.**

Plaintiff Magnificat House Nativity House Trust alleges that it is the rightful owner of real property in Clackamas County, Oregon and that Defendants Bank of America, N.A., its Chief Executive Officer Brian Moynihan, and its attorney John Thomas have engaged in fraud and violated federal civil rights laws by asserting that Bank of America has a Promissory Note and Trust Deed secured by the real property. Paul John Hansen, Trustee, purports to represent the Trust before this Court *pro se* and requests to proceed *in forma pauperis*.

It is well-settled that a person may not proceed in court *pro se* and represent the interests of other parties. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."). This includes trusts, for which claims may only be pursued *pro se* by the beneficial owner of the claims. As explained by the Ninth Circuit:

PAGE 1 – ORDER

> Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself. In the instant case, the record shows no matter before the district court presented by, or on behalf of, Richard Stradley. Stradley's status as trustee is fiduciary; his statutory responsibility is the orderly administration of assets. Here the record does not identify the Trusts' beneficiaries. Because Stradley is not the actual beneficial owner of the claims being asserted by the Trusts (so far as one can tell from the record), he cannot be viewed as a "party" conducting his "*own* case personally" within the meaning of Section 1654. He may not claim that his status as trustee includes the right to present arguments *pro se* in federal court.
>
> \* \* \*
>
> The Trusts' reliance on FRCP Rule 17(a) is also misplaced. Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust, without joining persons "for whose benefit the action is brought;" the rule does not warrant the conclusion that a nonlawyer can maintain such a suit *in propria persona.* The reciprocal relation between the bar and the bench permits an exception only for a person acting personally.

*C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987) (emphasis in original) (citations omitted).

Plaintiff's Complaint, exhibits, and request to proceed *in forma pauperis* do not provide evidence that Mr. Hansen is the actual beneficial owner of Plaintiff's claims. Without such evidence, Mr. Hansen may not represent Plaintiff *pro se*, and Plaintiff will need to hire an attorney to pursue its claims. Accordingly, Plaintiff must show cause in writing on or before November 17, 2020, why the Court should not order Plaintiff to obtain counsel.

**IT IS SO ORDERED.**

DATED this 27th day of October, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge