**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **MAGNIFICAT HOUSE NATIVITY HOUSE TRUST**, a non-statutory trust, Paul John Hansen, as sole Trustee,<br><br>       Plaintiff,<br><br>    v.<br><br>**BANK OF AMERICA, N.A.**, **BRIAN MOYNIHAN,** and **JOHN THOMAS**,<br><br>       Defendants. | Case No. 3:20-cv-1826-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Magnificat House Nativity House Trust (Plaintiff or the Trust) alleges that it is the rightful owner of real property in Clackamas County, Oregon and that Defendants Bank of America, N.A., its Chief Executive Officer Brian Moynihan, and its attorney John Thomas have violated federal civil rights laws by asserting that Bank of America has a Promissory Note and

PAGE 1 – ORDER

Trust Deed secured by the real property. Paul John Hansen, Trustee, purports to represent the Trust before this Court *pro se*[1] and requests to proceed *in forma pauperis*.[2]

It is well-settled that a person may not proceed in court *pro se* (or *pro per*) and also represent the interests of other parties. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."). This includes trusts, for which claims may only be pursued *pro se* by the beneficial owner of the claims. As explained by the Ninth Circuit:

> Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself. In the instant case, the record shows no matter before the district court presented by, or on behalf of, Richard Stradley. Stradley's status as trustee is fiduciary; his statutory responsibility is the orderly administration of assets. Here the record does not identify the Trusts' beneficiaries. Because Stradley is not the actual beneficial owner of the claims being asserted by the Trusts (so far as one can tell from the record), he cannot be viewed as a "party" conducting his "*own* case personally" within the meaning of Section 1654. He may not claim that his status as trustee includes the right to present arguments *pro se* in federal court.

---

[1] Mr. Hansen states that he is not proceeding "*pro se*" on behalf of the Trust but is instead proceeding "*pro per*." These terms are often used interchangeably as shorthand for when a person is appearing "*in propria persona*,"—without legal representation—although "*pro se*" is the more common term used in federal court. *See Torres v. Alameda Cty.*, 2008 WL 4369762, at *2 (N.D. Cal. Sept. 23, 2008) ("*Pro se* is the term generally used in federal courts to refer to a litigant representing himself while *pro per* is the term generally used in California courts to refer to the same kind of litigant (i.e., a litigant representing himself)."); *accord* Black's Law Dictionary 1258 (8th ed. 2004) (noting that *pro per* is a synonym for *pro se*).

[2] The *in forma pauperis* application filed with the Court appears to describe Mr. Hansen's finances and not those of Plaintiff, although not clear. For example, the suit asserts that Plaintiff owns the subject real property and the *in forma pauperis* application states that the applicant owns no real property. An *in forma pauperis* application needs to be from the plaintiff and must relate to the finances of the plaintiff, and not the representative of the plaintiff.

PAGE 2 – ORDER

> \* \* \*
>
> The Trusts' reliance on FRCP Rule 17(a) is also misplaced. Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust, without joining persons "for whose benefit the action is brought;" the rule does not warrant the conclusion that a nonlawyer can maintain such a suit *in propria persona.* The reciprocal relation between the bar and the bench permits an exception only for a person acting personally.

*C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987) (emphasis in original) (citations omitted).

Plaintiff's Complaint, exhibits, and request to proceed *in forma pauperis* do not provide evidence that Mr. Hansen is the actual beneficial owner of Plaintiff's claims. Without such evidence, Mr. Hansen may not represent Plaintiff *pro se*, and Plaintiff will need to retain an attorney admitted to practice before this Court to pursue Plaintiff's claims. Accordingly, on October 27, 2020, the Court issued an Order to Show Cause, directing Plaintiff to show cause in writing on or before November 17, 2020, why the Court should not order Plaintiff to obtain counsel.

Mr. Hansen, on behalf of Plaintiff, responded that he has "elected to the vocation, livelihood, of representing, aiding, and defending, Plaintiff." Mr. Hansen explains that the Trust does not want representation by a licensed attorney because of its religious belief of its "right to independence." Mr. Hansen furthers states that the Trust is not "structured under the laws of the United States," and is "not an entity under the governance of, with, or in (territorially), the United States" but is instead "structured under the written 'Word of God,' and subject to the inherent authority of the People, of America, under common law" and the Bill of Rights and the Constitution. Mr. Hansen argues that Ninth Circuit law governing persons acting *pro se* representing trusts is not relevant because those trusts were "subject to the written laws of the

PAGE 3 – ORDER

United States, unlike this captioned Plaintiff." Mr. Hansen further asserts that the creators and beneficiaries of the Trust wish to remain confidential.

Plaintiff's response to the Order to Show Cause, through Mr. Hansen, is insufficient to show that Mr. Hansen may represent the Trust. The Trust may not keep its beneficiaries confidential if it wishes to file a lawsuit in federal court and proceed without legal representation. Only the beneficial owner of any potential claim of the Trust may proceed *pro se* and represent the trust in federal court. *C.E. Pope Equity*, 818 F.2d at 697-98. The Court rejects Mr. Hansen's argument that Plaintiff, who chose to file suit in federal court, is not subject to the laws of the United States or the requirements to proceed in federal court.

Plaintiff is directed to obtain licensed counsel to represent Plaintiff within 60 days of the date of this Order or this case will be dismissed. After counsel is obtained, an amended *in forma pauperis* application that clearly describes Plaintiff's financial status will be required if Plaintiff wishes to proceed *in forma pauperis*. Plaintiff's current *in forma pauperis* application (ECF 2) is DENIED. The Court extends the time for service of the Summons and Complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure until 60 days after Plaintiff complies with this Order. The Court notes that along with considering the substance of any amended *in forma pauperis* application the Court may review *sua sponte* the substance of the Complaint under 28 U.S.C. § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED this 24th day of November, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge