IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MAGNIFICAT HOUSE NATIVITY HOUSE TRUST**, a non-statutory trust, Paul John Hansen, as sole Trustee,<br><br>Plaintiff,<br><br>v.<br><br>**BANK OF AMERICA, N.A.**, **BRIAN MOYNIHAN,** and **JOHN THOMAS**,<br><br>Defendants. | Case No. 3:20-cv-1826-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Magnificat House Nativity House Trust (Plaintiff or the Trust) alleges that it is the rightful owner of real property in Clackamas County, Oregon and that Defendants Bank of America, N.A., its Chief Executive Officer Brian Moynihan, and its attorney John Thomas have violated federal civil rights laws by asserting that Bank of America has a Promissory Note and Trust Deed secured by the real property. Paul John Hansen, Trustee, purports to represent the Trust before this Court *pro se*.[1] On October 27, 2020, the Court issued an Order to Show Cause,

---

[1] Mr. Hansen has stated that he is not proceeding "*pro se*" on behalf of the Trust but is instead proceeding "*pro per*." These terms are often used interchangeably as shorthand for when a person is appearing "*in propria persona*,"—without legal representation—although "*pro se*" is the more common term used in federal court. *See Torres v. Alameda Cty.*, 2008 WL 4369762, at *2 (N.D. Cal. Sept. 23, 2008) ("*Pro se* is the term generally used in federal courts to refer to a litigant representing himself while *pro per* is the term generally used in California courts to refer

PAGE 1 – ORDER

explaining that a person may not proceed in court *in propria persona* and also represent the interest of other parties. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). This includes a trust, for which claims may only be pursued *in propria persona* by the beneficial owner of the claims. *See, e.g.*, *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987). The Court explained that Plaintiff's documents did not show that Mr. Hansen was the beneficial owner of the Trust's claims and ordered Plaintiff to show cause before November 17, 2020, why the Court should not order the Trust to obtain counsel.

Plaintiff responded to the Court's Order to Show Cause. The Court found that Plaintiff's response was insufficient to show that Mr. Hansen was the beneficial owner of Plaintiff's claims. The Court ordered Plaintiff to obtain counsel within 60 days or the Court would dismiss Plaintiff's claims. The Court also dismissed Plaintiff's application to proceed *in forma pauperis* and required Plaintiff to file a new application that included information relating to the Trust's financial status and not Mr. Hansen's financial status.

Plaintiff did not obtain counsel as ordered by the Court. Accordingly, the Court dismisses this case for Plaintiff's failure to comply with the Court's order and Plaintiff's failure to obtain counsel based on the Trust's inability to proceed *in propria persona*. This case is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED this 1st day of February, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

to the same kind of litigant (i.e., a litigant representing himself)."); *accord* Black's Law Dictionary 1258 (8th ed. 2004) (noting that *pro per* is a synonym for *pro se*).